UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER SWAN,

    Plaintiff,

v.                                                                                         Case No. 08-C-1019

MIRON CONSTRUCTION CO.,

    Defendant.

## ORDER

Defendant Miron Construction Co. filed a motion to dismiss this *pro se* action. It asserts that the Plaintiff's § 1981 claims, which arose in 2001 and 2002, are barred by the four-year statute of limitations set forth in 28 U.S.C. § 1658(a). It further asserts that the remaining state law claims should be dismissed in favor of a state forum.

After several extensions of time, Plaintiff filed a motion to amend his complaint instead of a response to the motion to dismiss. He did not file a proposed amended complaint, and that alone is grounds for denial of his motion, as a proposed amended complaint is required by Civil Local Rule 15.1. *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")(quoting *McNeil v. United States,* 508 U.S. 106, 112-13 (1993)).

Even if I were to excuse that oversight, Plaintiff does not state adequate grounds for amendment. Plaintiff filed an affidavit hinting at how he would remedy his complaint. He states that even if his original § 1981 claims are time-barred, Miron has been blackballing his efforts to

do construction work as recently as 2008, when he apparently applied for work at St. Norbert College. "[T]ortious interference with contract rights violates section 1981 when the motivation for the interference is racial." *Muhammad v. Oliver,* 547 F.3d 874, 878 (7th Cir. 2008). This appears to be the thrust of Plaintiff's complaint: that Miron and its employees are hostile to Plaintiff because he is black, and they have been interfering with his right to contract on account of that animus.

The Defendant notes that these assertions are vague and do not necessarily implicate the Defendant except tangentially. Laughing in someone's face (Swan Aff., ¶ 5.) does not violate any law, and the incident at St. Norbert's merely states that Miron did not subcontract with Plaintiff for that job. Another of his allegations merely suggests a potential client was squeamish about hiring him while there was an ongoing dispute with Miron. These allegations are not suggestive of civil rights violations. More importantly, these allegations seem to bear little relation to the claims already alleged in this lawsuit. Plaintiff is correct that amendments are to be liberally allowed under Rule 15, but that largesse does not apply when the amendment would add totally new claims having little relation to the original grounds upon which the case was brought. The Defendant has had to hire an attorney to defend it and it has waited while this case has been pending since 2008. It has filed a motion to dismiss, the grounds of which are not contested by the Plaintiff. I am satisfied that an amended complaint would not serve the interests of justice in this action. Accordingly, the motion to amend is **DENIED**. The motion to dismiss is **GRANTED**; the Plaintiff's federal claims are dismissed with prejudice, and his state law claims are dismissed without prejudice.

**SO ORDERED** this  15th  day of June, 2009.

/s William C. Griesbach
William C. Griesbach
United States District Judge